Gregory K. O'BRIEN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 38002.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 28, 1976.

Crouppen, Walther, Zwibelman & Walsh, Myron S. Zwibelman, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John D. Chandler, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Judge.

Motion under Rule 27.26, VAMR. In 1973 movant pleaded guilty to two charges of armed robbery and was sentenced to concurrent ten-year terms of imprisonment.

Movant has challenged his convictions in a post-conviction motion. He contends a psychiatric examination which found him fit to proceed before he pleaded guilty was so brief and perfunctory as to deny him due process.

The post-conviction trial court granted an evidentiary hearing. In 1972 on movant's motion he had been admitted to Malcolm Bliss Mental Health Center for psychiatric

---

examination. The first five days a resident physician gave him physical examinations and psychiatric evaluations. His appearance, behavior, "speech and thought patterns and other emotional and/or psychic factors," were found to be normal. Additionally, at the evidentiary hearing, Dr. Vanderpearl, an experienced staff psychiatrist, based on the patient's record history and his 1972 observation, opined that there was then sufficient information for him to conclude movant was then "able to understand 'the nature of the proceedings against him' as being able 'to assist in preparing a defense.'"

Movant called Dr. Jacks, a psychiatrist. He testified that the 1972 medical records and psychiatric examinations given movant could—and did—warrant a finding movant was fit to proceed at his trial. Counsel's assertions that movant's 1972 examinations were inadequate are not only conclusory but are refuted by the evidence.

■ Movant's further Point Relied On— that he "was denied effective assistance of counsel" without stating wherein and why the court erred—is an abstract statement and preserves nothing for review. Rule 84.04(d).

Judgment affirmed.

WEIER, P. J., and DOWD, J., concur.